| | | |
|---|---|---|
| **REBECCA MENARD** | : | **15th JUDICIAL DISTRICT COURT** |
| VS. NO. 201911122 J | : | **PARISH OF ACADIA** |
| **RAYNE GUEST HOME, INC.** | : | **STATE OF LOUISIANA** |
| FILED: _____ | | _____ |
| | | DEPUTY CLERK |

## PETITION

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, **REBECCA MENARD**, hereinafter referred to sometimes as ("Plaintiff"), a person of the full age and majority and a resident of Rayne, Parish of Acadia, State of Louisiana, who, with respect, represents the following:

1.

Defendant, **RAYNE GUEST HOME, INC.**, (hereinafter sometimes referred to as "Defendant"), is a Louisiana corporation that may be served through its Registered Agent, 308 Amelia Street, Rayne, LA 70578.

2.

At all relevant times, Defendant was the "employer" of Plaintiff, as that term is defined by 29 U.S.C. § 203(d), and Plaintiff was Defendant's employee, as that term is defined by 29 U.S.C. § 203(e)(1). Plaintiff worked for Defendant within three (3) year preceding the filing of this suit during which time Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

3.

The overtime wage provisions of §§ 206-207 of the FLSA apply to Defendant and Plaintiff's job did not involve work that fell within any exception or exemption to 29 U.S.C. §213(a)(1). Plaintiff brings this lawsuit on behalf of herself against Defendant, RAYNE GUEST HOME, INC., pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

4.

By this action, Plaintiff asserts that Defendant willfully violated the provisions of the FLSA by depriving Plaintiff of her lawful overtime wages by intentionally misclassifying her as exempt.

5.

For more than three years prior to the filing of this complaint, Defendant has committed violations of the FLSA by, among other things, misclassifying Plaintiff as exempt from overtime pay by reason of her alleged position. The fact of the matter is that Plaintiff was not at the time of her separation from employment or at any other time a "supervisor" nor did she hold a position that was "executive," "administrative," or "professional," as those terms are used in the FLSA and Plaintiff did fit into any of the exemptions or exceptions to the overtime pay requirements of the FLSA.

6.

As a result of the aforementioned violations and as set forth more fully herein, Plaintiff is entitled to and seeks all unpaid compensation, an equal amount of liquidated damages, attorneys' fees, costs, and any and all other amounts permitted by law.

7.

Plaintiff worked for Defendant from June 1, 1972 until July 15, 2019. In her last position, Plaintiff held the title of Human Resources Director, though she did not actually supervise any employees. Moreover, Ms. Menard was not empowered by Rayne Guest Home to make any discretionary decisions or to exercise independent judgment with respect to any matters of significance.

8.

Defendant treated Plaintiff as exempt under §213(a) of the FLSA from the statute's overtime pay requirements despite the fact that she did not meet the definition required by law for such exemption to apply.

9.

Defendant's failure and/or refusal to pay Plaintiff overtime beyond forty (40) hours each week amounts to a violation of the Fair Labors Standards Act 201 U.S.C.A. §201, et. seq.

10.

As a result of defendant's violation of the Fair Labor Standards Act, Plaintiff is entitled to recover backpay at time and a half for all hours worked beyond forty (40) each week, as well as

backpay at her established hourly rate for the first forty (40) hours of each work week, In addition, Plaintiff is entitled to recover liquated damages and reasonable attorneys fees and costs.

11.

Defendant controlled and directed every significant facet of Plaintiff job duties on a daily basis. Plaintiff did not make any decisions independently and served as a an assistant or secretary rather than a director or administrator. She did not fall within any exception or exemption to the overtime requirements of the FLSA.

12.

Plaintiff had no ability or authority to formulate, affect, interpret, or implement management policies or operating practices. Plaintiff's primary duties did not involve managing the enterprise or any division thereof and Plaintiff did not customarily and regularly direct the work of any employees. Plaintiff did not have the authority to hire or fire, advance, promote, or otherwise change the status or benefits of any other employee. Plaintiff did not have the ability to make independent decisions on any matters of significance.

13.

Defendant has engaged in intentional and repeatedly engaged in a practice of improperly misclassifying Plaintiff.

15.

Plaintiff does not qualify as exempt employees, as defined by the applicable regulations. Defendant is liable under the FLSA for failing to properly compensate Plaintiff.

## CLAIMS UNDER FAIR LABOR STANDARDS ACT

16.

Plaintiff realleges and reincorporates by reference all of the preceding paragraphs as if fully alleged herein.

17.

Because Defendant willfully violated the FLSA by misclassifying Plaintiff as exempt employee, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

18.

Defendant has willfully and intentionally engaged in a pattern and practice of violating the FLSA by misclassifying Plaintiff as "exempt" and thereby failing and refusing to pay the proper overtime compensation in accordance with §§206-207 of the FLSA.

19.

As a result of Defendant's unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §216(b).

## CLAIMS UNDER LOUISIANA LAW

20.

Additionally and/or alternatively, incorporating the above allegations, Plaintiff also asserts a claim under state law for quantum meruit/unjust enrichment to the extent that she worked hours for which she was not paid and which may constitute "gap" pay or which may otherwise be outside the claims made under the FLSA.

21.

Plaintiff also asserts a claim against Defendant under the Louisiana Last Paycheck Law, La. R.S. 23:631-632, because at the time of her termination, Defendant owed Plaintiff an amount equal to her unpaid wages for work performed. Additionally, Defendant owes Plaintiff penalties in an amount equal to 90-days wages at her regular rate, as well as reasonable attorney's fees, costs, and interest.

22.

Plaintiff also alleges that Defendant's false allegation that she falsified company records and/or committed payroll fraud and/or took monies to which she was not entitled are all defamatory per se. Plaintiff worked for Defendant for several decades in a small town and news of her termination spread quickly through town, damaging her reputation in the community and causing her great distress and anguish.

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff, **REBECCA MENARD**, prays for the following relief:

A. An award of damages after trial on the merits including unpaid wages and liquidated damages pursuant to 29 U.S.C. § 201, *et seq.*, and the supporting Department of Labor regulations;

B. Penalties and/or liquidated damages under applicable law;

C. Pre- and post-judgment interest as provided by law;

D. Reputational and general damages;

E. Attorneys' fees and costs; and

F. Any and all other relief to which Plaintiff is or may be entitled by law or equity.

Respectfully submitted,

**COX, COX, FILO, CAMEL & WILSON, LLC**

*/s/ Somer Brown*
SOMER G. BROWN (#31462)
723 Broad Street
Lake Charles, LA 70601
Telephone: (337) 436-6611
Facsimile: (337) 436-9541

**PLEASE SERVE:**

Please serve defendant per paragraph 1 of this Petition.

REC'D BY AP COC
2019 DEC 11 AM 9:48

FILED December 11, 2019
DY. CLERK OF COURT
ACADIA PARISH, LA

# CITATION
## ACADIA PARISH, LOUISIANA
## 15th JUDICIAL DISTRICT COURT

**REBECCA MENARD**
**VERSUS   201911122 J**
**RAYNE GUEST HOME INC**

RECEIVED
DEC 17 2019
ACADIA PARISH
SHERIFF'S OFFICE


RETURN TO CLERK'S OFFICE

To: Rayne Guest Home Inc, through its registered agent, 308 Amelia Street, Rayne LA 70578

Attached to this citation is a certified copy of the petition. The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within (15) days after you have received this document, you must file an answer or other legal pleadings in the office of the Clerk of Court at the Courthouse, Court Circle, Crowley, Louisiana.

If you do not do what the petition asks, or if you do not file an answer of legal pleadings within fifteen (15) days, a judgment may be entered against you without further notice.

This citation was issued by the Clerk of Court for Acadia Parish, on December 17,2019

ROBERT T. BAROUSSE, CLERK OF COURT

BY: _Michelle C. Sam_
Deputy Clerk of Court
Acadia Parish

ATTORNEY:
SOMER G BROWN
723 BROAD STREET
LAKE CHARLES, LA 70601
337.436.6611

Attached are the following documents: Petition,

_____INTERROGATORIES__REQUEST FOR PRODUCTION OF DOCUMENTS____OTHER

**EFFECTIVE IMMEDIATELY: NO CELL PHONES OR RECORDING DEVICES ALLOWED IN THE COURTHOUSE.**

### SHERIFF'S RETURN

Received the within notice and copies of the same, on the __18__ day of __12__
and on the __18__ day of __12__ 20_19_, served a copy of the witin notice on:

_10:30_ (personal service) _Paige Cormier_    _____ (domiciliary service) _____

the parties herein named by handing same to them in person.

Returned and filed: _Dec 20, 2019_

Deputy Sheriff _Toby Amett_
Deptuy Clerk _Amy R Smith_

### ADDITITIONAL INFORMATION

THESE DOCUMENTS MEAN YOU HAVE BEEN SUED. LEGAL ASSISTANCE IS ADVISABLE AND YOU SHOULD CONTACT A LAWYER IMMEDIATELY. JUDGES AND COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE.