# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **REBECCA MENARD** | **CASE NO. 6:20-CV-00078** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **RAYNE GUEST HOME INC** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court, on referral from the district judge, is a Joint Motion for Approval of Settlement filed by Plaintiff, Rebecca Menard, and Defendant, Rayne Guest Home, Inc. (Rec. Doc. 22).

The parties reached a settlement in this case and filed the instant joint motion for court approval of their settlement agreement. The parties attached a copy of their Confidential Settlement and Release Agreement. (Rec. Doc. 22-1). This is not a FLSA collective action. Based on a review of the motion, the parties' settlement agreement, the applicable law and jurisprudence, and for the following reasons, it is recommended that the joint motion for court approval of the parties' settlement agreement be granted.

1

## *LAW AND ANALYSIS*

"This Court must approve any settlement reached by the parties which resolves the claims in this action brought under Section 16(b) of the FLSA." *Collins v. Sanderson Farms, Inc.*, 568 F.Supp.2d 714, 717 (E.D. La. 2008). Generally, settlement is the preferred means of resolving litigation. *Williams v. First Nat'l Bank*, 216 U.S. 582, 595 (1910); *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 391-92 (5th Cir. 1984). Further, there is a "strong presumption" in favor of finding a settlement to be fair. *Camp v. Progressive Corp.*, 2004 WL 2149079, at *5 (E.D. La. Sept. 23, 2004) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)). Before the Court may approve a settlement in a collective action brought under the FLSA, it must first determine whether the settlement involves the resolution of a bona fide dispute over an FLSA provision and then decide whether the settlement is fair and reasonable. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982); *Collins v. Sanderson Farms, Inc.*, 568 F.Supp.2d at 719.

The instant action presents a bona fide dispute over FLSA provisions, including whether Defendant misclassified Plaintiff as overtime exempt, whether Defendant's alleged violations were made in good faith and on reasonable grounds, and whether Defendant's alleged FLSA violations were willful. The case was

2

litigated for over a year and a half with discovery, motion practice, and discussion among counsel regarding the merits of the claims. The issues raised by the parties are sufficient for this Court to find that genuine uncertainty as to the outcome of the litigation existed for each side, and a bona fide dispute existed in this case.

In determining whether a settlement is fair, adequate, and reasonable, a court should consider the following six factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and absent class members. *Liger v. New Orleans Hornets NBA Ltd. P'ship*, No. CIV.A. 05-1969, 2009 WL 2856246, at *2 (E.D. La. Aug. 28, 2009), citing *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983). As part of the fairness determination, a court must also assess the reasonableness of any proposed award of attorneys' fees and expenses sought by the plaintiffs' counsel. *Strong v. BellSouth*, 137 F.3d 844, 849-850 (5th Cir. 1998).

The settlement agreement provides that the parties thoroughly analyzed the merits of Plaintiff's claims and Defendant's defenses with the assistance of counsel. There is "a presumption that no fraud or collusion occurred between counsel, in the

3

absence of any evidence to the contrary." *Camp v. Progressive Corp.*, 2004 WL 2149079 at *7 (citing 4 *Newberg on Class Actions* § 11.51 (4th ed.)). In light of the parties' joint affirmations in the settlement agreement and in the absence of any evidence of fraud or collusion between counsel, the Court finds that the settlement was arrived at by arms-length and good faith negotiations. Thus, the first factor favors approval of the settlement as fair, adequate, and reasonable.

With regard to the inquiries set forth in the second factor, the complexity, expense, and likely duration of the litigation, the Court finds that, had a settlement not been consummated, this case would likely have remained in litigation for a significant amount of time, in excess of at least one or two more years, including any appeal of any adverse judgment, causing the parties to incur significant additional expense. Accordingly, the second factor weighs in favor of finding that the settlement is fair, adequate, and reasonable.

The third factor, the stage of the proceedings and the amount of discovery completed, likewise supports a finding that the settlement is fair, adequate, and reasonable, and accordingly should be approved. This case has been pending for over one and a half years. During its pendency, the parties conducted discovery as well as factual and legal investigations. Specifically, several substantive issues required formal discovery and independent investigation of the facts and law.

Settlement discussions began only after counsel for the parties possessed sufficient information to make an informed judgment regarding the likelihood of success on the merits and the results that could be obtained through further litigation. Therefore, this factor weights in favor of settlement approval.

The fourth factor, the probability of the plaintiff's success on the merits, also supports a finding that the settlement is fair, adequate, and reasonable. This case has been litigated by competent and experienced lawyers who enjoy great respect in their field from both sides of the aisle. Counsel for both parties are well known to this Court and the legal community as skilled litigators, particularly in employment-based matters. In light thereof, and given the nature of the disputed issues underlying this lawsuit, there is uncertainty surrounding the eventual outcome of the litigation, as well as the potential for appeal to the Fifth Circuit, such that the fourth factor weighs in favor of finding that the settlement of this action is fair, adequate, and reasonable.

The fifth factor, the range of possible recovery, weighs in favor of a finding that the settlement is fair, adequate, and reasonable. The parties carefully negotiated the amount of the compromise, including payments representing back pay and payments representing liquidated damages and interest. This Court therefore finds that the settlement agreement represents a settlement that curtails risk while

resolving this dispute for an amount that, both in total and on individual assessment, is adequate, fair, reasonable, and within the range anticipated by this Court.

The final factor, the opinions of the class counsel, class representatives, and absent class members, does not apply to this case. Nonetheless, the Court finds that the parties' counsel have already approved the terms of the settlement agreement and have joined in asking this Court for approval. There have been no objections to the settlement, and all of the parties agree that the proposed settlement is in the best interests of the parties involved. As recognized herein, the settlement was arrived at after extensive negotiation by experienced counsel. A court is entitled to rely on the judgment of experienced counsel in its evaluation of the merits of a class action settlement. *Collins v. Sanderson Farms, Inc.*, 568 F.Supp.2d at 727 (citing *Cotton v. Hinton,* 559 F.2d 1326, 1330 (5th Cir. 1977) This Court finds no evidence that counsel have not worked in good faith to secure a good and fair settlement.

As part of the fairness determination, a court must also evaluate the reasonableness of any proposed award of attorneys' fees and expenses sought by the plaintiffs' counsel. *Strong v. BellSouth*, 137 F.3d 844, 849-850 (5th Cir. 1998). The FLSA mandates payment of attorney's fees and costs to prevailing plaintiffs. 29 U.S.C. § 216(b); *Johnson v. Big Lots Stores, Inc.*, 639 F. Supp. 2d 696, 700 (E.D. La. 2009). Here, the parties' settlement acknowledges payment of attorneys' fees

to "be allocated by Menard and Menard's Counsel as they may subsequently agree between themselves." In addition, Defendant agreed to reimburse Plaintiff for all court costs. (Rec. Doc. 22-1, p. 2). The Court finds this agreement vis-à-vis attorneys' fees and costs is reasonable and fair.

For the reasons stated above,

**IT IS RECOMMENDED** that the proposed settlement be approved, and accordingly, that the Court grant the Joint Motion for Approval of Settlement (Rec. Doc. 22) on the terms and conditions set forth in the parties' settlement agreement.

**IT IS FURTHER RECOMMENDED** that the claims asserted by the plaintiffs in this lawsuit be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that this case be closed, subject to the court retaining jurisdiction for ninety (90) days to enforce the terms of the parties' settlement agreement, if necessary.

Because the parties have agreed on the payment of the settlement funds and attorneys' fees and there have been no objections to the settlement filed in the record, this Court hereby shortens the time period for objections set forth in 28 U.S.C.A. § 636(b)(1)(c). The parties have <u>five days</u> to serve and file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within five days following the date of its service, shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d. 1415 (5th Cir. 1996) (*en banc*), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1).

**THUS DONE AND SIGNED** in Lafayette, Louisiana, this 10th day of September, 2021.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE